IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREENWICH INDUSTRIES, L.P. d/b/a CLARIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 5000 |
| | ) | |
| SPECIALIZED SEATING, INC. and | ) | Magistrate Judge Levin |
| DON SANDERFUR. | ) | |
| | ) | Honorable Judge Conlon |
| Defendants, | ) | |

**NOTICE OF FILING**

TO: **VIA FACSIMILE 312/577-7007**
Karl R. Fink
Fitch Even Tabin & Flannery
120 South LaSalle Street
Suite 1600
Chicago, IL 60603

PLEASE TAKE NOTICE that on the 7th day of February, 2003, we filed with the United States District Court for the Northern District of Illinois, Eastern Division, an Answer to Amended Complaint, a copy of which is attached hereto and herewith served upon you.

Anthony S. DiVincenzo

DiVincenzo Schoenfield Swartzman
33 North LaSalle Street - Suite 2900
Chicago, IL 60602
312/334-4800

**CERTIFICATE OF SERVICE**

I, ANTHONY S. DiVINCENZO, an attorney, being duly sworn on oath depose and state that I caused a copy of the foregoing Notice of Filing and Answer to Amended Complaint, to be served via U.S. Mail, with proper postage prepaid, and via facsimile transmission (312/577-7007) on the above counsel of record on or before the hour of 4:00 p.m. this 7th day of February, 2003.

Anthony S. DiVincenzo

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| GREENWICH INDUSTRIES, L.P. d/b/a CLARIN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 02 C 5000<br>) |
| SPECIALIZED SEATING, INC., ALFRED HERGOTT, and DON SANDERFUR. | )<br>)<br>) |
| | ) Magistrate Judge Levin<br>) |
| | ) Honorable Judge Conlon |
| Defendants, | ) |

### ANSWER TO AMENDED COMPLAINT

Defendants, Specialized Seating, Inc., Alfred Hergott and Don Sanderfur, for their answer to the Amended Complaint of Greenwich Industries, L.P., state as follows:

### PARTIES

1. Clarin is a division of Greenwich Industries, L.P. a Delaware limited partnership having a principal place of business in Lake Bluff, Illinois. Clarin is in the business of manufacturing and selling seating products and seating systems.

   **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit the allegations contained in Paragraph 1 of the Amended Complaint.

2. Specialized Seating, on information and belief, is a corporation organized under the laws of the State of Nevada, is licensed to do business in Illinois, and has a principal place of business at 3409 Church Street, Evanston, Illinois 60203. On information and belief, Specialized Seating is in the business of selling seating products.

   **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit the allegations contained in Paragraph 2 of the Amended Complaint.

3. Alfred Hergott, on information and belief, is an individual who is the President, sole owner, and sole corporate officer of Specialized Seating, and is responsible for making all decisions on behalf of Specialized Seating.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit the allegations contained in Paragraph 3 of the Amended Complaint.

4. Don Sandefur, on information and belief, is an individual who is a sales representative of Specialized Seating and doing business at 2461 Old Salem Circle, Conyers, Georgia 300313.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit the allegations contained in Paragraph 4 of the Amended Complaint.

## NATURE OF ACTION AND JURISDICTION

5. This is an action for trademark infringement regarding a chair sold by defendants that is a copy of Clarin's signature "X-frame" folding chair. Clarin has trademark rights in the product configuration of the X-frame chair.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit that this is an action for alleged trademark infringement regarding a chair sold by defendants. Defendants deny the remaining allegations contained in Paragraph 4 of the Amended Complaint.

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 and pursuant to 28 U.S.C. §1332 (the amount in controversy being in excess of $75,000 exclusive of interest and costs), §1338 and §1367.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit the allegations contained in Paragraph 6 of the Amended Complaint.

## FACTS COMMON TO ALL COUNTS

7. Clarin's unique X-frame design folding chair is a high quality metal folding chair with a unique product configuration, including the X design formed by the frame of the chair, the tapered back, the double tube and channel frame material, and other unique features in configuration of the chair.

 **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Clarin's advertising and marketing materials have showcased the unique X-frame chair design as the signature trademark of Clarin. Clarin has sold tens of thousands of its unique X-frame chair to thousands of customers across the United States since at least 1987, and has sold a substantially similar design since at least as early as 1925. The unique configuration of the design and construction of the chair has become the flagship trademark of the company.

 **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 8 of the Amended Complaint, except that defendants admit that an X-frame chair has been sold by plaintiff since at least as early as 1925.

9. As a result of the above-referenced advertising, sales and marketing, Clarin's signature X-frame chair design has become known in the market as being non-functional and serving primarily to identify Clarin as the supplier of the chair. Clarin has established valuable trademark rights and associated goodwill by such exclusive use of the signature X-frame chair design.

 **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 9 of the Amended Complaint.

10. Specialized Seating, Hergott, and Sanderfur are importing, offering for sale, and selling a copy of Clarin's signature X-frame chair design. Specialized Seating's website advertises the X-frame copy chair by showing pictures of it as used by the Chicago Bulls. On information and belief, Specialized Searing's X-frame chair is Taiwanese-made, superior quality, X-frame chair.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur admit that Specialized Seating has recently offered and advertised a folding chair for sale which chair utilizes an X-shaped leg configuration. Defendants also admit that the chair is of Taiwanese manufacture. Defendants deny the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. Alfred Hergott wilfully caused Specialized Seating to offer for sale a copy of Clarin's signature X-frame chair, knowing that the product configuration was the same as that of Clarin's chair. Hergott, the President, sole owner, and sole corporate officer of Specialized Seating, is actively and personally responsible for the corporation's activities regarding the sale of the copied chairs. He has wilfully and knowingly participated in the infringement by Specialized Seating, both before and after the incorporation of Specialized Seating.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. On information and belief, Specialized Seating is undercapitalized and cannot fully respond to a judgment for the damages claimed in this action. On information and belief, Alfred Hergott formed Specialized Seating for the purpose of keeping profits and assets to himself, transferring liabilities to Specialized Seating, and avoiding personal liability regarding the sale of the accused copies of X-frame chairs at issue in this action.

**ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 12 of the Complaint.

13. All the foregoing acts of defendants have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury, including, but not limited to, loss of competitive advantage, loss of business reputation and goodwill, loss of sales and profits, and other losses, for which Clarin has no adequate remedy at law.

**ANSWER:** Specialized Seating, Inc., and Don Sanderfur deny the allegations contained in Paragraph 13 of the Amended Complaint.

## COUNT I

## FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT

14. Clarin incorporates by reference herein Paragraph Nos. 1-13.

**ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur incorporate by reference their answers to Paragraphs 1 through 13 as their answers to Paragraph 11.

15. The foregoing acts of defendants constitute willful false designation of origin and violation of the Lanham Act, 15 U.S.C. §1125(a).

**ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 15 of the Amended Complaint.

## COUNT II

## COMMON LAW UNFAIR COMPETITION

16. Clarin incorporates herein by reference Paragraph Nos. 1-15.

**ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur incorporate their answers to Paragraphs 1 through 15 as their answer to Paragraph 16.

17. The foregoing acts of defendants constitute willful trademark infringement and unfair competition in violation of the common law of Illinois and/or other States.

> **ANSWER:** Specialized Seating, Inc., and Don Sanderfur deny the allegations contained in Paragraph 14 of the Amended Complaint.

## COUNT III

## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

18. Clarin incorporates herein by reference Paragraph Nos. 1-17.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur incorporate their answers to Paragraphs 1 through 17 as their answer to Paragraph 15.

19. The foregoing acts of defendants constitute willful trademark infringement and unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 17 of the Amended Complaint.

## COUNT IV

## UNIFORM DECEPTIVE TRADE PRACTICES ACT

20. Clarin incorporates herein by reference Paragraph Nos. 1-19.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur incorporate their answers to Paragraphs 1 through 19 as their answer to Paragraph 20.

21. The foregoing acts of defendants constitute willful trademark infringement and unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/2.

> **ANSWER:** Specialized Seating, Inc., Alfred Hergott and Don Sanderfur deny the allegations contained in Paragraph 21 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    The "X-frame" chair product configuration is functional and does not give rise to any trademark rights.

2.    All elements of the design of plaintiff's "x-frame" chairs are functional and do not give rise to any protectible interest.

3.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray that this Court dismiss the Complaint and for judgment in their favor and against plaintiff awarding defendants their costs.


_____
Anthony S. DiVincenzo


Anthony S. DiVincenzo
DiVincenzo Schoenfield Swartzman
33 North LaSalle Street
Suite 2900
Chicago, IL 60602
Telephone 312/334-4800