# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5000 | **DATE** | 5/15/2003 |
| **CASE TITLE** | GREENWICH INDUSTRIES vs. SPECIALIZED SEATING | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___ ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___ ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___ ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___ ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___ ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's first motion *in limine* to bar the testimony of Troy Livingston [47-1] is granted. Plaintiff's motions *in limine* to exclude evidence of the expired '248, '058 and '218 patents [51-1] or alternatively to give limiting jury instruction [51-2], to exclude opinion testimony of Alfred Hergott and Harvey Hergott [50-1], to bar and exclude evidence related to the A-back chair [49-1], to require Specialized Seating's admissions be listed as admitted facts to be read to the jury [52-1] and defendant's second motion *in limine* to bar any reference to the consumer survey performed by Daniel J. Howard [48-1] are denied. ENTER MEMORANDUM OPINION AND ORDER.
(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREENWICH INDUSTRIES, L.P. d/b/a )
CLARIN, )
) No. 02 C 5000
Plaintiff, )
) Suzanne B. Conlon, Judge
v. )
)
SPECIALIZED SEATING, INC., ALFRED )
HERGOTT and DON SANDERFUR, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Greenwich Industries, L.P. d/b/a Clarin ("Clarin") sues Specialized Seating, Inc. ("Specialized Seating"), Alfred Hergott ("Hergott") and Don Sanderfur (collectively, "defendants") for trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a), Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, as well as common law unfair competition. The court denied the parties' cross-motions for summary judgment and set the case for trial. *See Greenwich Industries, L.P. v. Specialized Seating*, 2003 WL 1860271 (N.D. Ill. April 9, 2003). The parties move *in limine* to bar evidence at trial.

### DISCUSSION

**I. Standard of Review**

The background of these cases is discussed in the court's order addressing the parties' cross-motions for summary judgment. *See Greenwich Industries, L.P. v. Specialized Seating*, 2003 WL 1860271 (N.D. Ill. April 9, 2003). Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F.

1

Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## II. Clarin's Motions *in Limine*

### A. Admitted Facts

Clarin moves to have 155 factual statements allegedly admitted by Specialized Seating in its summary judgment pleadings and in response to Clarin's requests to admit read to the jury as stipulated uncontested facts pursuant to Local Rule 16.1.1. Clarin's motion is not a motion *in limine*, but rather a request for pretrial judicial findings of fact in a jury trial. Indeed, "Rule 16 of the Federal Rules of Civil Procedure does not authorize a court to force parties to stipulate to facts to which they will not voluntary agree." *J.F. Edwards Construction Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1322 (7th Cir. 1976). On this basis alone, Clarin's motion must be denied.

In any event, Clarin's motion fails on the merits. Contrary to Clarin's position, Specialized Seating's purported admissions in its summary judgment pleadings and in response to Clarin's requests to admit are not conclusive judicial admissions:

> [j]udicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are not evidence at all but rather have the effect of withdrawing a fact from contention. A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party. When a party testifying at

2

> trial or during a deposition admits a fact which is adverse to his claim or defense, it
> is generally preferable to treat that testimony as solely an evidentiary admission.

*Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995)(citations omitted). Specialty Seating's responses to Clarin's requests to admit are unquestionably evidentiary, rather than judicial, admissions. *See Walsh v. McCain Foods Limited*, 81 F.3d 722, 727 (7th Cir. 1996)("Admissions obtained under Rule 36 may be offered in evidence at the trial of the action, but they are subject to all pertinent objections to admissibility that may be interposed at the trial"). Clarin fails to offer a legal basis for treating Specialty Seating's purported admissions in its summary judgment pleadings differently than its responses to Clarin's requests to admit. *See* Motion at 2, *citing Moberg v. City of West Chicago*, 00 C 2504, 2003 WL 255229, at *3 n. 3 (N.D. Ill. Feb. 4, 2003)(party's agreement in pretrial order to proposed uncontested fact constitutes binding judicial admission); *Sanchez v. Commonwealth Edison Co.*, 00 C 752, 2002 WL 472263, at *6 (N.D. Ill. March 28, 2002)(facts deemed admitted for purposes of summary judgment based on party's failure to comply with Local Rule 56.1). Therefore, Clarin's motion must be denied.

### B.   Strength of Clarin's A-Back Chair

Clarin moves to exclude evidence relating to the strength of it's a-back chair as irrelevant. Evidence which is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403. Defendants respond by claiming that the strength of the A-back chair is relevant to the

functionality of the B-back chair. *See* 15 U.S.C. § 1125(a)(3)("person who asserts trade dress protection has the burden of proving the matter sought to be protected is not functional").

"[A] feature is functional when it is essential to the use or purpose of the device or when it affects the cost or quality of the device." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 33 (2001). According to defendants, Clarin developed the B-back chair to correct a design flaw in the A-back chair that caused the chair to collapse. Evidence tending to show that Clarin developed the features at issue to improve the quality of its product is relevant to functionality. *See Publications International, Ltd. v. Landoll, Inc.*, 164 F.3d 337, 339 (7th Cir. 1998)("Functional improvements may be patentable, or protected as trade secrets, but they cannot be appropriated in the name of trade dress even if they are distinctive").

Nevertheless, Clarin claims defendants' evidence will only prejudice and confuse the jury. Motion at 3. Specifically, Clarin argues that "the contested evidence can only engender ill will toward Clarin by suggesting it made a dangerous product" and "will confuse the jury about what it is supposed to consider – the quality of the A-back chair or the functionality of the B-back chair." Motion at 3. On this record, the court cannot assess whether Clarin will be unfairly prejudiced by defendants' evidence regarding design defects in Clarin's A-back chairs. If defendants' evidence is directed generally toward Clarin's motive in developing the B-back chair, it may not suffer any prejudice. On the other hand, if defendants attempt to introduce evidence as to accidents associated with purported design defects, the prejudicial nature of the testimony may warrant an exclusion order.

Nor has Clarin established that the probative value of defendants' evidence is substantially outweighed by possible jury confusion. The jury will be instructed as to the proper standards for resolving this case. Therefore, Clarin's motion must be denied.

## C. Opinion Testimony

Clarin moves to exclude Hergott and his son, Harvey, from providing opinion testimony at trial. Specifically, Clarin claims the Hergotts are barred from testifying regarding Clarin's folding chairs because defendants failed to disclose them as expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). In response, defendants claim the Hergotts will testify as lay witnesses only.

Fed. R. Evid. 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

The requirement that an opinion be based on the witness' perception is "the familiar requirement of first-hand knowledge or observation." Advisory Committee Notes to Fed. R. Evid. 701(a). Defendants claim the Hergotts have personal knowledge of Clarin folding chairs based on their previous employment with Clarin. The Hergotts' testimony regarding the design of Clarin's folding chairs is directly related to the determination of a fact in issue, namely functionality. Based on this record, Clarin's motion must be denied.

## D. Expired Patents

Clarin moves to exclude evidence of its expired patents as irrelevant or alternatively, requests a limiting jury instruction. First, Clarin argues functionality can only be shown from what is described in the expired patents' claims. *See* Motion at 4 ("the law is that the claims of patents are some evidence of functionality, but only as to what is described in the claims"). The court previously rejected this argument in denying the parties' cross-motions for summary judgment. *Greenwich Industries, L.P.*, 2003 WL 1860271 at *3. Contrary to Clarin's position, patent claims are not interpreted in a vacuum. *See CCS Fitness, Inc. v. Brunswick*, Corp., 288 F.3d 1359, 1366

5

(Fed. Cir. 2002)(proper claim interpretation requires examination of the claim language, patent specification and prosecution history). Indeed, the Supreme Court recently considered a patent's history, including applications, specifications and statements made during the course of prosecution, in determining functionality in a trade dress case. *Greenwich Industries, L.P.*, 2003 WL 1860271 at *3, *citing TrafFix*, 532 U.S. 23, 31-32. Therefore, the expired patents are relevant to Clarin's trade dress claim.

Clarin's new argument that the overall configuration of the B-back chair was not disclosed in the expired patents does not change this result. *See Greenwich Industries, L.P.*, 2003 WL 1860271 at *3 ("Clarin does not contend that the B-back chair configuration is undisclosed in the specifications or drawings of the expired patents"). Indeed, Clarin's claims hinge on whether the development of its B-back chair was a "modernization" of its A-back chair or a functional improvement. *See TrafFix*, 532 U.S. at 29 ("trade dress protection may not be claimed for product features that are functional"). Not only do the expired patents show the X-frame design underlying both the A-back and B-back chairs, Clarin concedes the expired '218 patent depicts an A-back chair. Motion at 5. Under these circumstances, the expired patents are relevant to the jury's consideration of functionality. *See TrafFix*, 532 U.S. at 29 (expired patents "provide strong evidence that the features therein claimed are functional"). Clarin's motion must be denied.

### III.    Defendants' Motions *in Limine*

#### A.    Troy Livingston's Expert Testimony

Defendants move to bar Clarin's proposed expert, Troy Livingston, from testifying as an expert on functionality at trial. Defendants claim Livingston's testimony is unreliable and, therefore, inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Specifically, defendants claim Livingston failed

6

to test the functionality of any folding chair, including Clarin's B-back chair. Clarin responds that Livingston's opinion is admissible based on his experience. Clarin bears the burden of establishing the admissibility of Livingston's testimony by a preponderance of the evidence. *Daubert*, 509 U.S. at 592.

According to Clarin, Livingston "will testify about the design of folding chairs, including the presence of equally competitive, but distinctive, folding chairs on the market and whether Clarin's B-back chair is non-functional." Joint Pretrial Order at Ex. E. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," a properly qualified expert may testify as to his opinion on the matter. Fed. R. Evid. 702. Under *Daubert*, the court is required to perform a gate-keeping function by conducting a two-step analysis before admitting expert scientific testimony under Rule 702.

First, the court must determine whether the expert's testimony reflects scientific knowledge by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid." *Daubert*, 509 U.S. at 592-93. "This requires the court to consider whether the testimony has been subjected to the scientific method, ruling out any subjective belief or unsupported speculation." *Chapman v. Maytag Corp.*, 297 F.3d 682, 687 (7th Cir. 2002). Second, the court must determine "whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." *Id., quoting Porter v. Whitehall Labs. Inc.*, 9 F.3d 607, 616 (7th Cir. 1993). In other words, "the suggested scientific testimony must 'fit' the issue to which the expert is testifying." *Id.* In all cases, the "court must ensure that it is dealing with an expert, not just a hired gun." *Tyus v. Urban Search Management*, 102 F.3d 256, 263 (7th Cir. 1997).

*Daubert* sets forth a nonexclusive list of factors the court may consider in determining whether an expert's testimony is reliable: (1) whether the theory or technique can be and has been

7

tested; (2) has been subject to peer review and publication; (3) has a known or potential rate of error; and (4) is generally accepted. *Daubert*, 509 U.S. at 593-94. The court must apply the *Daubert* factors even in cases where an expert eschews reliance on any rigorous methodology and instead purports to base his opinion merely on experience or training. *Clark v. Takata Corp.*, 192 F.3d 750, 758 (7th Cir. 1999).

Based on the record, the court is unable to determine the methodology or reasoning, if any, that serves as the basis for Livingston's opinions. It is undisputed Livingston did not conduct any scientific tests or experiments to arrive at his conclusion that the configuration of the B-back chair is non-functional. Nor does Livingston's report contain any factual, scientific or empirical data supporting his conclusion. Although Livingston claims his report is based on his review of materials produced by the parties during litigation,[1] his report does not contain information culled from these sources. As the Seventh Circuit has pointed out,

> [n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. Either 'hands-on testing' or 'review of experimental, statistical, or other scientific data generated by others in the field' may suffice as a reasonable methodology upon which to base an opinion.

*Clark*, 192 F.3d at 758 (citations omitted). In sum, "[p]ersonal observation is not a substitute for scientific methodology and is insufficient to satisfy *Daubert's* most significant guidepost." *Chapman*, 297 F.3d at 688.

Nor has Livingston sufficiently connected his conclusions to his experience. If a witness is an expert based solely on experience, "the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience

---

[1] The expired '218 patent depicting Clarin's A-back chair is notably absent from the materials reviewed by Livingston.

is reliably applied to the facts." Advisory Committee Notes to Fed. R. Evid. 702. Livingston's report is devoid of any explanation connecting his conclusions to his experience.

Finally, Clarin fails to present any evidence showing that Livingston's review would be considered by those in his industry to yield reliable results. *See Kumho*, 528 U.S. at 151 ("it will be at times be useful to ask even a witness whose expertise is based purely on experience. . . whether his preparation is of a kind that others in the field would recognize as acceptable"). Livingston's opinions are unverified statements unsupported by accepted scientific methodology. Where the proffered expert offers nothing more than a bottom line conclusion, he does not assist the trier of fact. *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 318-19 (7th Cir. 1996). Therefore, defendants' first motion *in limine* must be granted.

**B.  Consumer Survey**

Defendants move to bar any reference to the consumer survey conducted by Daniel J. Howard. Specifically, defendants claim that Howard's survey must be excluded because he failed to: (1) differentiate functional from non-functional product features; and (2) take into account the effect of the expired patents. Defendants' objections go to the weight of the evidence, but do not necessarily preclude admissibility.

First, defendants claim that "[a] survey which asks consumers to identify the source of a product based on its overall configuration when most of the product's configuration is functional is utterly worthless in determining whether certain features have acquired secondary meaning." Motion at 2, *citing Textron, Inc. v. U.S. International Trade Comm'n*, 753 F.2d 1019, 1027 (Fed. Cir. 1985). In making this argument, defendants' argument assumes the overall configuration of Clarin's B-back chair is entirely functional, in contrast with the opposing assumption made by Howard in conducting the survey. Indeed, the parties' differing views of the functionality of the B-back chair is the entire

reason for this suit. Howard's reliance on Clarin's assertion of non-functionality may be explored on cross-examination. *See Walker v. Soo Line Railroad Co.*, 208 F.3d 581, 589 (7th Cir. 2000)(expert's reliance on alleged faulty information should be explored on cross-examination).

Second, defendants' argue that "it is highly probable that the connection between the product design and Clarin comes from the patents." Motion at 2, citing *Thomas & Betts Corp. v. Panduit Corp.*, 138 F.3d 277, 291 (7th Cir. 1998)("T&B II")("evidence establishing secondary meaning must also show that any connection between the trade dress of the product and its producer does not stem from the expired patent"). This argument goes to the necessity of establishing a sufficient foundation for the admission of the survey. Accordingly, defendants' second motion *in limine* must be denied.

## CONCLUSION

Defendant's first motion *in limine* to exclude the expert testimony of Troy Livingston is granted. The parties' other motions *in limine* are denied.

May 15, 2003

ENTER:

Suzanne B. Conlon
United States District Judge